## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JASELYN D. JOHNSON,**

　　**Plaintiff,**

**v.**　　　　　　　　　　**CASE NO:**

**STATE OF FLORIDA,**
**DEPARTMENT OF REVENUE,**
**CHILD SUPPORT PROGRAM,**

　　**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASELYN D. JOHNSON, (hereinafter "Plaintiff" or "Ms. Johnson"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM (hereinafter "Defendant"), and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, her former employer, seeking to recover damages for unlawful

1

discrimination based on race, as well as retaliation, hostile work environment, and constructive discharge, in violation of 42 U.S. Code § 1981 - Equal rights under the law; unlawful discrimination based on race and disability, hostile work environment, retaliation, and constructive discharge in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"); and unlawful disability discrimination and retaliation in violation of the Florida Civil Rights Act of 1992, §§ 760.01–760.10, Florida Statutes.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated and retaliated against her, and altered the terms, conditions, and privileges of her employment because of her race and disability in violation of her rights under 42 U.S. Code § 1981 - Equal rights under the law, and the Florida Civil Rights Act of 1992, §§ 760.01–760.10, Florida Statutes, ultimately creating a hostile work environment so severe and pervasive that Plaintiff was left with no choice but to resign from her position of approximately fifteen (15) years.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition,

she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation, including physical manifestations of emotional distress requiring emergency medical treatment, medical leave, prescription medication, and ongoing counseling.

4.      Plaintiff has incurred costs and attorney's fees in bringing this action and seeks all available relief, including but not limited to back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§

1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division, and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this action occurred in Pinellas County, Florida, within the Middle District of Florida, Tampa Division, where Defendant maintains its place of business at 11351 Ulmerton Road, Suite 207, Largo, Florida 33778.

## PARTIES

8.      Plaintiff, JASELYN D. JOHNSON, is a 51-year-old Black/African American woman who resides in Pinellas County, Florida.

9.      Plaintiff is a member of a class protected against discrimination and retaliation based on her race and disability under 42 U.S. Code § 1981 - Equal rights under the law, and the Florida Civil Rights Act of 1992, §§ 760.01–760.10, Florida Statutes ("FCRA").

10.     During the period from May 21, 2010, until February 28, 2025, Defendant employed Plaintiff, most recently in the position of OA1/Quality Assurance Specialist.

11.     At all times material herein, Plaintiff met the definitions of

"employee" and "eligible employee" under all applicable state and federal statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by 42 U.S. Code § 1981 - Equal rights under the law, and the Florida Civil Rights Act of 1992, §§ 760.01–760.10, Florida Statutes.

13.    The Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, is a state agency with a place of business located at 11351 Ulmerton Road, Suite 207, Largo, Florida 33778, within Pinellas County, Florida.

14.    At all times material herein, Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, regularly conducted, and continues to conduct, business throughout Pinellas County, Florida, from its location at 11351 Ulmerton Road, Suite 207, Largo, Florida 33778, where Defendant employed Plaintiff.

15.    At all times material herein, Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, met, and continues to meet, the definitions of "employer" under all applicable state and federal statutes including, but not limited to, 42 U.S. Code § 1981 - Equal rights under the law, and the Florida Civil Rights Act of 1992, §§ 760.01–

760.10, Florida Statutes, employing more than one hundred (100) employees.

16.    Accordingly, Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, is liable under 42 U.S. Code § 1981 - Equal rights under the law, and the Florida Civil Rights Act of 1992, §§ 760.01–760.10, Florida Statutes, for the unlawful race discrimination, disability discrimination, hostile work environment, retaliation, and constructive discharge to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On December 22, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, race discrimination, hostile work environment, and retaliation (EEOC Charge No. 511-2026-01098).

19.    On January 9, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination against Defendant.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    Plaintiff, Jaselyn D. Johnson, is a Black/African American woman who began working for Defendant, State of Florida, Department of Revenue, Child Support Program ("DOR/CSP"), on May 21, 2010.

23.    Plaintiff was initially employed as a Senior Clerk at Defendant's Tampa location and was promoted to a Revenue Specialist 2 ("RS2") position in approximately November 2010.

24.    During her lengthy tenure as an RS2, Plaintiff trained other employees, processed and coordinated child-support matters with the Office of the Attorney General and other jurisdictions, handled customer-service matters, and led special projects. She became the only employee on her team

trained to perform every work function and duty assigned to the team.

25.     Plaintiff consistently performed her duties satisfactorily and received favorable performance evaluations, awards, recognitions, and raises. For approximately thirteen years, she maintained a clean disciplinary record without receiving a written reprimand.

26.     While Plaintiff worked as an RS2 under the direct supervision of Lee Costello, Ms. Costello repeatedly passed Plaintiff over for promotional opportunities despite Plaintiff's qualifications, performance history, and comprehensive knowledge of the team's operations.

27.     Plaintiff was ultimately promoted by another manager who recognized her qualifications and experience. Ms. Costello did not promote Plaintiff during the period in which she directly supervised her.

28.     In approximately January 2023, Plaintiff was assigned to an Operations Analyst 1/Quality Assurance position at Defendant's Largo location. Plaintiff reported directly to Misty Ruiz, while Ms. Costello served as Plaintiff's second-level supervisor.

29.     In this position, Plaintiff reviewed RS2 work for accuracy, corrected errors, trained employees, updated cases, monitored employee performance,   maintained   error   statistics,   proposed   operational

improvements, and reported employee progress to Ms. Ruiz.

30.    After Plaintiff came under the supervision of Ms. Ruiz and Ms. Costello, the terms and conditions of her employment changed dramatically. Despite her extensive experience and history of satisfactory performance, Plaintiff was singled out, demeaned, and treated as though she was incompetent and responsible for problems within the department.

31.    Ms. Ruiz subjected Plaintiff to heightened and disparate scrutiny that similarly situated employees outside Plaintiff's protected racial class did not experience.

32.    Among other things, Ms. Ruiz issued Plaintiff approximately four or five written reprimands within a single month, even though Plaintiff had worked for Defendant for approximately thirteen years without receiving any prior written discipline.

33.    Ms. Ruiz also sent Plaintiff numerous critical and harassing emails in rapid succession, including during Plaintiff's designated meal breaks, and subjected Plaintiff to continuous monitoring, criticism, and pressure that lacked a legitimate business justification.

34.    Ms. Ruiz subsequently issued Plaintiff a performance evaluation rating below "meets expectations," the first negative evaluation Plaintiff had

received during her employment with Defendant. The evaluation was inconsistent with Plaintiff's actual performance, qualifications, experience, and documented employment history.

35. The repeated discipline, excessive scrutiny, disparaging treatment, and negative evaluation were part of an ongoing pattern of differential treatment directed at Plaintiff because of her race.

36. The discriminatory conduct was sufficiently severe and pervasive that Plaintiff began to dread reporting to work and, when working remotely, dreaded logging onto Defendant's computer system.

37. Plaintiff complained to Defendant's Human Resources Department that she was being subjected to racial discrimination, harassment, and a hostile work environment. Plaintiff's complaint constituted protected opposition to unlawful employment practices.

38. Defendant represented that it would investigate Plaintiff's complaint. Defendant, however, failed to take prompt or effective corrective action to stop the discrimination and harassment.

39. Instead, after Plaintiff complained, Ms. Ruiz, Ms. Costello, and Kimberly Thomas subjected Plaintiff to further scrutiny, discipline, reprimands, and hostile treatment.

40. The retaliatory treatment occurred after, and in close temporal proximity to, Plaintiff's protected complaint and would have dissuaded a reasonable employee from reporting discrimination.

41. Defendant's Human Resources representative, Marian Deadwiley, also disclosed Plaintiff's private medical conditions and diagnoses by email to Ms. Ruiz, Ms. Costello, and Ms. Thomas without Plaintiff's knowledge or consent.

42. The disclosure provided Plaintiff's confidential medical information to the same managers Plaintiff had accused of discrimination and retaliation, further humiliating Plaintiff, exacerbating the hostile environment, and demonstrating Defendant's failure to protect Plaintiff after she complained.

43. Defendant's discriminatory and retaliatory conduct caused Plaintiff severe emotional and physical distress. Plaintiff's primary-care physician placed her on medical leave in approximately May 2024 and again in approximately October 2024 because of the effects of the workplace conditions on her health.

44. Plaintiff also sought emergency medical treatment for severe chest pains that caused her to believe she was experiencing a heart attack.

She was diagnosed with anxiety, prescribed anxiety medications, and obtained counseling to address the emotional and psychological harm caused by Defendant's conduct.

45. Plaintiff's symptoms were directly connected to the conditions of her employment. After her separation from Defendant, Plaintiff no longer required the anxiety medications she had been prescribed while working under the discriminatory and retaliatory conditions.

46. Defendant knew that Plaintiff had complained of race discrimination and harassment and knew that the continuing workplace conditions were adversely affecting her health, but Defendant failed to remedy the discrimination, harassment, or retaliation.

47. By February 2025, the cumulative effect of the disparate discipline, heightened scrutiny, negative evaluation, retaliatory treatment, disclosure of Plaintiff's medical information, and Defendant's failure to correct the conditions had made Plaintiff's continued employment intolerable.

48. Plaintiff was therefore compelled to resign effective February 28, 2025. Her resignation was a constructive discharge because a reasonable person subjected to the same discriminatory and retaliatory conditions

would have felt compelled to resign.

49.    Defendant's actions were intentional and were taken because of Plaintiff's race and because Plaintiff opposed and reported conduct that she reasonably believed constituted race discrimination and harassment.

50.    Defendant's conduct interfered with Plaintiff's right to enjoy the same terms, conditions, benefits, and privileges of employment as similarly situated employees who were not Black/African American.

51.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was dual-filed with the Florida Commission on Human Relations, and timely commenced this action after receiving her Notice of Right to Sue.

52.    As a direct and proximate result of Defendant's discriminatory, hostile, and retaliatory conduct, Plaintiff has suffered lost wages, lost benefits, lost career-advancement opportunities, emotional distress, mental anguish, physical injury, medical and counseling expenses, damage to her professional reputation, and other economic and noneconomic damages.

## COUNT I
## VIOLATION OF 42 U.S. CODE § 1981
## FOR DISCRIMINATION ON THE BASIS OF RACE

53.    Plaintiff alleges, realleges, and incorporates by reference all

13

allegations set forth in each of the preceding Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.    42 U.S. Code § 1981 - Equal rights under the law - makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

55.    Plaintiff is a Black/African American female and a member of a protected class and protected by 42 U.S. Code § 1981 from discrimination based on her race.

56.    At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

57.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

58.    As her employer, Defendant was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

59.    Defendant violated 42 U.S. Code § 1981 by, among other things:

14

a.  Repeatedly overlooking Plaintiff for promotions despite her superior qualifications and unique expertise while treating similarly situated employees outside her protected class more favorably;

b.  Subjecting Plaintiff to a sudden pattern of unwarranted written reprimands after nearly fifteen years without any disciplinary action;

c.  Subjecting Plaintiff to harassing communications and treating her as though she was incompetent and "the problem" on the team;

d.  Creating and maintaining a hostile work environment; and

e.  Failing to take prompt and effective remedial action when made aware of the discriminatory conduct.

60.  Plaintiff, by being subjected to this discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of her employment with Defendant.

61.  The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

15

and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under 42 U.S. Code § 1981.

62. Plaintiff can establish that she suffered damages because of unlawful discrimination in violation of 42 U.S. Code § 1981.

63. Defendant fostered, condoned, accepted, ratified, and/or otherwise failed to prevent or remedy discriminatory conduct due to race.

64. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of 42 U.S. Code § 1981.

65. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits;

      b.    Lost earning capacity;

      c.    Emotional distress damages;

      d.    Pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life;

      e.    Damage to her professional reputation; and

      f.    Other economic losses proximately caused and allowable

16

under 42 U.S. Code § 1981.

66. Defendant's unlawful discriminatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, JASELYN D. JOHNSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on her race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature,

extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, including emotional distress damages;

D. Issue an injunction ordering Defendant to implement effective policies and procedures to prevent racial discrimination and retaliation in the workplace;

E. Award Plaintiff all other damages available under federal and state law, including, but not limited to, the damages set forth above and other economic losses proximately caused;

F. Award Plaintiff pre- and post-judgment interest;

G. Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

H. Grant such other and further relief as this Court may deem just and proper.

**COUNT II**
**VIOLATION OF 42 U.S. CODE § 1981**
**HOSTILE WORK ENVIRONMENT**

67. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

68.    Plaintiff is a Black/African American female and a member of a protected class protected by 42 U.S. Code § 1981.

69.    At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

70.    During her employment, Plaintiff was subjected to unwelcome harassment based on her race.

71.    The harassment included, but was not limited to, the issuance of approximately four to five unwarranted written reprimands within a single month following nearly fifteen years of a clean disciplinary record; a persistent pattern of harassing emails sent in rapid succession, including during Plaintiff's meal breaks; repeated efforts by management to make Plaintiff feel as though she was incompetent and "the problem" on the team; and the unauthorized disclosure of Plaintiff's confidential medical information by HR Representative Marian Deadwiley to the very supervisors responsible for the discrimination against her.

72.    The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create an abusive and hostile working environment.

73. A reasonable person in Plaintiff's position would find the environment hostile and abusive, and Plaintiff in fact perceived it to be hostile and abusive.

74. Defendant, through its supervisors and managers, knew or should have known of the hostile work environment and failed to take prompt and effective remedial action.

75. Because the harassment was committed by supervisors with authority over Plaintiff, Defendant is liable for the hostile work environment to the full extent permitted by law.

76. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

     a. Lost wages and benefits;

     b. Lost earning capacity;

     c. Emotional distress damages;

     d. Pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life;

     e. Damage to her professional reputation; and

f.      Other economic losses proximately caused and allowable under 42 U.S. Code § 1981.

77.     Defendant's unlawful actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff, JASELYN D. JOHNSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by subjecting Plaintiff to a hostile work environment based on her race;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the hostile work environment to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C.   Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by the hostile work environment Defendant subjected her to, including emotional distress damages;

D.   Award Plaintiff all other damages available under federal and state law, including, but not limited to, the damages set forth above and other economic losses proximately caused;

E.   Award Plaintiff pre- and post-judgment interest;

F.   Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.   Grant such other and further relief as this Court may deem just and proper.

**COUNT III**
**VIOLATION OF 42 U.S. CODE § 1981**
**RETALIATION**

78.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

79.     Plaintiff engaged in protected activity under 42 U.S. Code § 1981 by making a formal complaint to Human Resources regarding racial discrimination, harassment, and hostile work environment.

80.     Following Plaintiff's protected activity, Defendant engaged in adverse employment actions against Plaintiff, including but not limited to escalating retaliatory conduct by Misty Ruiz, Lee Costello, and Kimberly Thomas; continuing the pattern of unwarranted written reprimands and harassing communications; the unauthorized disclosure of Plaintiff's confidential medical information to the individuals responsible for the discrimination against her; and creating such intolerable working conditions that Plaintiff was constructively discharged.

81.     A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity and the pattern of escalating retaliatory conduct following her complaints.

82.     Defendant's actions would dissuade a reasonable worker from making or supporting a charge of discrimination.

23

83.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

a.    Lost wages and benefits;

b.    Lost earning capacity;

c.    Emotional distress damages;

d.    Pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life;

e.    Damage to her professional reputation; and

f.    Other economic losses proximately caused and allowable under 42 U.S. Code § 1981.

84.    Defendant's unlawful retaliatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff, JASELYN D. JOHNSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by retaliating against Plaintiff based on her protected activity;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C.   Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, including emotional distress damages;

D.   Award Plaintiff all other damages available under federal and state law, including, but not limited to, the damages set forth above and other economic losses proximately caused;

E.   Award Plaintiff pre- and post-judgment interest;

F.   Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT
### Race Discrimination

85.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

86.     Plaintiff is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her race.

87.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

88.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

89.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

90.     As her employer, Defendant was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and

26

other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

91.    Defendant violated the FCRA by, among other things, repeatedly overlooking Plaintiff for promotions while treating similarly situated employees outside her protected class more favorably, subjecting her to unwarranted discipline, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it, and subjecting Plaintiff to discrimination because of her race.

92.    Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

93.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

94.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

    a.     Lost wages and benefits;

    b.     Lost earning capacity;

    c.     Emotional distress;

    d.     Anxiety and physical harm;

    e.     Damage to her professional reputation; and

    f.     Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, JASELYN D. JOHNSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

    A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her race;

    B.     Award sufficient remedial relief to make Plaintiff whole for the individual losses she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate

nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages, including but not limited to lost wages, emotional distress damages, and medical expenses;

D.  Award Plaintiff all other damages available under the FCRA including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

E.  Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.  Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.  Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT
### Hostile Work Environment

95.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

96.    Plaintiff is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her race.

97.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

98.    During her employment, Plaintiff was subjected to unwelcome harassment based on her race.

99.    The harassment included, but was not limited to, the issuance of approximately four to five unwarranted written reprimands within a single month following nearly fifteen years of a clean disciplinary record; a persistent pattern of harassing emails sent in rapid succession, including during Plaintiff's meal breaks; repeated efforts by management to make Plaintiff feel as though she was incompetent and "the problem" on the team; and the unauthorized disclosure of Plaintiff's confidential medical

30

information by HR Representative Marian Deadwiley to the very supervisors responsible for the discrimination against her.

100.  The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create an abusive and hostile working environment.

101.  A reasonable person in Plaintiff's position would find the environment hostile and abusive, and Plaintiff in fact perceived it to be hostile and abusive.

102.  Defendant, through its supervisors and managers, knew or should have known of the hostile work environment and failed to take prompt and effective remedial action.

103.  Because the harassment was committed by supervisors with authority over Plaintiff, Defendant is liable for the hostile work environment to the full extent permitted by law.

104.  As a direct, proximate, and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits;

      b.    Lost earning capacity;

c.    Emotional distress;

d.    Anxiety and physical harm;

e.    Damage to her professional reputation; and

f.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, JASELYN D. JOHNSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by subjecting Plaintiff to a hostile work environment based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual losses she has suffered because of the hostile work environment to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment she has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages, including but not limited to lost wages, emotional distress damages, and medical expenses;

D.  Award Plaintiff all other damages available under the FCRA including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

E.  Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.  Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.  Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT
### Retaliation

105. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

106. Plaintiff engaged in protected activity under the FCRA by making a formal complaint to Human Resources regarding racial discrimination, harassment, and hostile work environment.

107. Following Plaintiff's protected activity, Defendant engaged in adverse employment actions against Plaintiff, including but not limited to escalating retaliatory conduct by Misty Ruiz, Lee Costello, and Kimberly Thomas; continuing the pattern of unwarranted written reprimands and harassing communications; the unauthorized disclosure of Plaintiff's confidential medical information to the individuals responsible for the discrimination against her; and creating such intolerable working conditions that Plaintiff was constructively discharged.

108. A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal

34

proximity and the pattern of escalating retaliatory conduct following her complaints.

109. Defendant's actions would dissuade a reasonable worker from making or supporting a charge of discrimination.

110. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

     a.     Lost wages and benefits;

     b.     Lost earning capacity;

     c.     Emotional distress;

     d.     Anxiety and physical harm;

     e.     Damage to her professional reputation; and

     f.     Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, JASELYN D. JOHNSON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CHILD SUPPORT PROGRAM, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her protected activity;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual losses she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages, including but not limited to lost wages, emotional distress damages, and medical expenses;

D.  Award Plaintiff all other damages available under the FCRA including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 13th day of July 2026.

> /s/ Jason W. Imler, Esq
> Jason W. Imler
> Florida Bar No. 1004422
> Alberto "Tito" Gonzalez
> Florida Bar No. 1037033
> **Imler Law**
> 23110 State Road 54, Unit 407
> Lutz, Florida 33549
> (P): 813-553-7709
> Jason@ImlerLaw.com
> Tito@ImlerLaw.com
> Ashley@ImlerLaw.com
> Tiffany@ImlerLaw.com
> Attorneys for Plaintiff